```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

        vs.                     *   CRIMINAL NO. MJG-11-0428
                                      (Civil No. 15-3471)
IDA MAE WEATHERS                *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER RE: CJA FUNDING

The Court has before it the motion filed by Defendant Ida Mae Weathers ("Weathers") entitled "Unopposed" Motion for CJA Funding to Permit Defense Counsel to Obtain a Psychological Evaluation of Petitioner [ECF No. 425]. The said motion is, however, opposed and the Court has considered the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Weathers has filed a Motion to Vacate or Correct Sentence [ECF No. 422]. She states therein:

> Petitioner's motion is based on ineffective assistance of counsel, and in particular trial counsel's failure to investigate and present to the Court mitigating evidence at sentencing. Ida Mae Weathers was a non-violent, serial purse snatcher who, as a homeless teenager, stole to survive. Her crimes, fueled by drug addiction, mental illness and a seemingly endless cycle of physical abuse, continued throughout her adult life, as she managed to go in and out of prison without any real rehabilitation. Without hearing anything about her tragic life story, the Court sentenced Weathers to almost twenty-two years in prison.

Id. at 1.

By the instant motion, Weathers seeks to have the Government transport her to Baltimore from her place of incarceration, USP Hazelton in West Virginia, for testing by a psychologist who has agreed to cap her fee at $2,400.[1]  The Government opposes the motion, noting that Weathers is represented by retained counsel and asserting that the testing – if found necessary – should be done at a later stage of the proceeding.

The Court will assume that Weathers, while able to pay counsel, does not have the financial resources to pay for psychological testing.  Therefore, the Court will provide her payment for necessary testing to the same extent as it would a party represented by appointed counsel or proceeding pro se. However, the Court agrees with the Government that the request for funding is premature.

The gravamen of Weathers' contention is that her counsel failed to investigate her past. Had he done so, Weathers contends, "it would have been apparent that Weathers was probably suffering from some type of mental illness or disorder" and that "if this evidence had been developed and presented to the Court, it is possible that the Court would have sentenced her to less than 259 months." Mot. at ¶ 4, ECF No. 425 (emphasis added).

---

1   The CJA funding cap, which is now at $2,500.

2

The testing is not necessary to resolve the issue of whether a competent investigation of her past would have made it apparent to a reasonably competent attorney that Weathers was probably suffering from some type of mental illness or disorder. Weathers' counsel (and the sentencing Judge) was at least aware – as noted in the Presentence Report – that she had been abused while a child. Moreover, counsel (and the sentencing judge) was aware of her criminal record. Whether counsel knew more, or should have known more, and what more he would have learned and presented at sentencing remains to be seen. There are questions, for example, as to what Weathers told her counsel about her past, what, if anything, did she hide from him, what, if anything, should he have asked that he did not ask, etc.

A showing that a lower sentence was possible, had counsel presented more regarding Weathers' background, would not suffice to establish an ineffective assistance of counsel claim. In order to prevail on a claim that counsel's representation violated her Sixth Amendment right to effective assistance of counsel, Weathers must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability

sufficient to undermine confidence in the outcome [of the proceedings]."  Id. at 694.

The Court can assume, prior to the test at issue being done, that the test would establish that, at the time of sentencing, Weathers was – or had been – suffering from a mental illness or disorder.  The test would not be necessary unless, on this assumption, there would be a reasonable probability that her sentence would have been less than imposed.  This determination cannot now be made without hearing from both sides of the case.  Weathers is not contending that she had a valid insanity defense.  Thus, the issue to be resolved is whether a presentation at sentencing of a mental illness or disorder – not the basis for an insanity defense – would reasonably probably result in a lesser sentence than imposed.

If, and when, the Court determines that Weathers has made a showing adequate to demonstrate that the psychological test is necessary, it shall consider providing appropriate CJA funding.

Accordingly:

    1.    The "Unopposed" Motion for CJA Funding to Permit Defense Counsel to Obtain a Psychological Evaluation of Petitioner [ECF No. 425] is DENIED.

      2.    This action is without prejudice to renewal of the motion at a later stage of the proceeding.

SO ORDERED, on <u>Wednesday, February 3, 2016.</u>

/s/<br>
Marvin J. Garbis<br>
United States District Judge