```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

          vs.                   *   CRIMINAL NO. MJG-11-0428
                                      (Civil No. 15-3471)
IDA MAE WEATHERS                *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER

The Court has before it Petitioner Weathers' Motion to Vacate or Correct Sentence and the materials submitted relating thereto. The Court finds that a hearing is unnecessary at this time.

I.   BACKGROUND

On June 10, 2013, Petitioner was convicted on a plea of guilty to Count 1 (conspiracy to commit bank fraud, 18 U.S.C. § 1349), Count 18 (bank fraud, 18 U.S.C. § 1344), and Count 19 (aggravated identity theft, 18 U.S.C. § 1028A(a)(1),(c)(5)).

On September 23, 2013, Petitioner was sentenced to 235 months concurrent on each of Counts 1 and 18 and 24 months consecutive on Count 19 for a total of 259 months. ECF No. 283. Petitioner appealed and, on August 18,[1] 2014, the United States Court of Appeals for the Fourth Circuit affirmed the conviction

---

[1]   Amended August 22.

and sentence. United States v. Weathers, 581 F. App'x 273 (4th Cir. 2014), as amended (Aug. 22, 2014).

By the instant Motion [ECF No. 422], timely filed, pursuant to 28 U.S.C. § 2255, Petitioner seeks to have her conviction and sentence vacated.

II. DISCUSSION

   A. Grounds Asserted

Petitioner asserts that she was denied the effective assistance of counsel. Mot. 1, ECF No. 422.

In order to prevail on a claim that counsel's representation violated her Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness,"[2] and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the proceedings]." Id. at 694.

Petitioner bases her ineffective assistance claim on counsel's alleged failure to:

---

[2] Thus overcoming a presumption that counsel's conduct (i.e., representation of the criminal defendant) was reasonable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

      1.    Adequately investigate and present matters pertaining to her personal history in mitigation of the sentence.

      2.    Adequately advise her regarding a plea agreement offered by the prosecution.

These contentions will be addressed in turn.

    B.    <u>Personal History</u>

Petitioner organized and led a criminal conspiracy that regularly engaged in a highly effective theft scheme for more than five and half years using a modus operandi dating back to at least 1994.[3]  Essentially, the conspirators would victimize women utilizing toilet facilities in ladies' restrooms in stores.  A conspirator would occupy the stall next to a victim who had hung her purse on the door.  The conspirator would attract the victim's attention, typically by asking the victim if she would provide her with toilet paper to use.  While the victim was distracted, another conspirator (often, if not always, Petitioner herself) would reach over the door and obtain the victim's credit cards.  Promptly upon obtaining the credit cards, other conspirators would fan out in the store and immediately proceed to charge purchases, including gift cards, before the victim became aware of the theft.

---

[3]    <u>Weathers</u>, 581 F. App'x at 277 & n.*.

The Court's determination that the Guideline Offense Level for Petitioner was 28 has been affirmed on appeal. Petitioner's Criminal History "score" was 32 Points. The Guidelines provide for the highest Criminal History Category VI for a defendant having 13 Points. With Offense Level 28 and Criminal History Category VI, the Guideline range for Counts 1 and 18 was 140-175 months. The Court varied upward by 60 months from the Guidelines range to 235 months for Counts 1 and 18. As stated by the Court at sentencing:

> I just do not see this as an ordinary crime. I think that the sentence has to have a factor to regretfully ensure that the public is protected against Ms. Weathers, those she can supervise, at any age. I wish her a long and healthy life.
> But, this is not a person that I can predict is going to come out and not get back into this scheme or who knows what the scheme will be at that time?

Sentencing Tr. 142:22-143:3, Sep. 23, 2013, ECF No. 322.

The appellate court affirmed the variance, stating:

> We hold that the district court fulfilled its obligation under Diosdado-Star.[4] The court imposed the variance based primarily on the nature of the offense and Weathers' extensive criminal history. With respect to the offense, the district court spoke of its "incredible range and continuous professional program of criminal activity" as well as its impact on victims.

---

[4] United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011).

> The court stated that there was a need to protect the public from Weathers, who previously had committed numerous offenses using a similar modus operandi.
>
> We accordingly affirm.

Weathers, 581 F. App'x at 277 (footnote omitted).

By the instant motion, Petitioner states that her trial attorney was ineffective for failing to present information regarding her personal history and mental condition.  The Court has considered Petitioner's submission and will assume that, were she financially able to do so, she would present expert testimony to establish that her unfortunate personal history was a substantial causal factor of her criminal conduct.  On that assumption, there might be some basis to attribute some of the blame for Petitioner's life of crime on her upbringing and background.  However, that information would not have, at sentencing, and does not now, persuaded the Court that the sentence should be any less than was imposed and affirmed on appeal.

### C. Offered Plea Agreement

In the Motion, Petitioner notes that on April 30, 2013, she was offered a plea agreement and stated:

> If Weathers had accepted the Government's offer, her adjusted offense level after acceptance of responsibility would have been 22. With her Criminal History Category of

5

> [VI], her Guidelines range for Count One would have been 84 to 105 months, and the Court would have imposed an additional 24 months of imprisonment for the aggravated identity theft. [] Therefore, her Guidelines range would have been 108-129 months.
>
> Weathers, not fully understanding the exposure she faced, rejected the proposed Plea Agreement and elected to go to trial.

Mot. 3-4, ECF No. 422.

Petitioner presented no evidence with the Motion to support the statement that she did not understand the exposure she faced when she rejected the offer and decided to proceed to trial.

In the Government's Response, Government counsel stated, as to Petitioner's plea negotiation contention: "There are no specifics and no supporting affidavit, just a bald assertion . . . ."  Resp. 8, ECF No. 436.

It was only in her Reply that Petitioner presented any evidence to support her contention.  What she presented was a two sentence paragraph in her affidavit that stated:

> With respect to sentencing exposure, Mr. Hannon never told me that I was facing and could actually be sentenced to more than twenty years. I believed, based on Mr. Hannon's statements, that I was facing much less than twenty years. I would have accepted the Government's original plea offer had I known that a sentence of more than twenty years was a realistic possibility.

Reply, Affidavit ¶ 7, ECF No. 441-1.

If, on a § 2255 motion, the motion and the files and records of the case do not conclusively show that the prisoner

6

is not entitled to relief, the court <u>must</u> make findings of fact and conclusions of law regarding the issues presented. 28 U.S.C. § 2255.

Petitioner contends "there is a factual dispute regarding Hannon's advice with respect to Weathers' exposure at sentencing, which led Weathers to reject the Government's original offer and ultimately plead guilty without an agreement."  Reply 12, ECF No. 441.

There may be a genuine factual dispute regarding Petitioner's plea agreement contention.  However, the record – as it now exists – is insufficient for the Court to determine whether there is one.  Her presentation of two conclusory sentences in an affidavit filed after the Government responded to the motion did not afford Government counsel an opportunity to address the matter.

Under the circumstances, the Court shall require Petitioner to file a supplemental memorandum with evidence (which can include her own affidavit) presenting, in reasonable detail, what she states was communicated between Mr. Hannon and herself regarding the offer and rejection of the plea agreement with any other evidence supporting her contention.  The Government will then have the opportunity to present evidence (which can include an affidavit from Mr. Hannon) in response.

The Court will, thereafter, determine whether an evidentiary hearing is required in regard to Petitioner's plea agreement contention.

III. CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion to Vacate or Correct Sentence [ECF No. 422] is DENIED in part and REMAINS PENDING IN PART.

    a. Petitioner's contention that she was denied the effective assistance of counsel with regard to the presentation of sentence mitigation is DENIED.

    b. Petitioner's contention that she was denied the effective assistance of counsel with regard to the rejection of a plea agreement REMAINS PENDING.

2. Petitioner shall, by July 29, 2016, file a Supplemental Memorandum with evidence regarding her contention concerning the denial of a plea agreement.

3. The Government shall, by August 29, 2016, respond to the said Supplemental Memorandum.

SO ORDERED, this Friday, June 10, 2016.

/s/
Marvin J. Garbis
United States District Judge